GRABER, Circuit Judge,
dissenting in part:
I respectfully dissent from the majority’s holding that it was not “an unreasonable application,” 28 U.S.C. § 2254(d)(1), of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for the California Supreme Court to conclude that the failure of Alexander Gabay’s trial counsel to interview two potential witnesses did not prejudice him. I concur in all other respects.
Two people — Gabay and Oxana Meshkova — entered an apartment, and its occupant was murdered. It was clear that one or both of them committed the murder, but the evidence at trial as to which one was the actual killer was less clear. The state indicted both Gabay and Meshkova. But the state eventually tried only Gabay, with Meshkova testifying against him in exchange for immunity. Gabay’s defense theory was that Meshkova, not Gabay, had committed the murder.
During the course of his investigation, Gabay’s trial counsel learned that, on two different occasions, Meshkova had told two different people that she — Meshkova—had committed the murder. Inexplicably, Ga-bay’s trial counsel declined even to interview those witnesses. Gabay’s trial counsel plainly failed to adhere to his “duty to make reasonable investigations.” Id. at 691, 104 S.Ct. 2052.
I would hold also that the California Supreme Court unreasonably concluded that this failure caused no prejudice. The evidence was overwhelming that the murder occurred while Gabay and Meshkova were in the apartment. But the evidence implicating Gabay instead of Meshkova consisted primarily of Meshkova’s own unchallenged testimony. But Meshkova earlier had confessed to two different witnesses:
• The first witness swore in an affidavit that Oxana Meshkova “said it had. been her who had killed [the victim].”
• The second witness stated under oath that “Oxana confessed to [a third party] and the other girls that she killed [the victim] and later showed them the gun.”
Had Gabay’s trial counsel followed up on Meshkova’s unsolicited confessions, the information he likely would have discovered would have severely compromised Meshkova’s credibility and cast serious doubt on whether Gabay had shot the victim. In these circumstances, even mindful of the strong deference due under AEDPA, Harrington v. Richter, — U.S.-, 181 S.Ct. 770, 178 L.Ed.2d 624 (2011), a reasonable jurist would have to conclude that there is “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different,” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
I therefore dissent in part.